ANGLO-CONTINENTALE TREUHAND, A. G., Plaintiff, *v.* SOUTHERN PACIFIC COMPANY, Defendant.

Supreme Court, Special Term, New York County, December 30, 1936.

*Harry Hoffman*, for the plaintiff.

*Ben C. Day, George L. Buland, Charles L. Minor* and *Jeremiah C. Waterman*, for the defendant.

VALENTE, J. This is an action at law to recover damages based upon the refusal of defendant, a Kentucky corporation, to pay a fixed number of Dutch guilders in Holland to the plaintiff, a corporation existing by virtue of the laws of the Principality of Liechtenstein, as specified in bearer coupons issued by the defendant. The

coupons and the bonds to which they are appurtenant contain multiple currency clauses calling for payment in gold coin of the United States or, at the option of the holder, in specified alien currencies in the various foreign countries. The bonds are owned by a New York corporation. The coupons in suit were sold, according to the allegations of the defendant, but a few days before the date of their maturity to this foreign plaintiff for the purpose of evading the provisions of the joint resolution of Congress June 5, 1933 (U. S. Code, tit. 31, § 463). This, it is claimed, was done with full knowledge of the plaintiff. The question is whether, under these circumstances, plaintiff is entitled to have its motion striking out the affirmative defenses in the answer as insufficient in law and for summary judgment granted.

The courts have already had occasion to deal with the defense that the joint resolution relieved a defendant of its obligation to pay in Holland the specific number of guilders it had promised to pay at the option of the holder. In the case of a domestic holder presenting the coupons abroad for payment in a foreign currency, the Appellate Division of this Department has held that the payment is forbidden by the joint resolution. (*City Bank Farmers Trust Co.* v. *Bethlehem Steel Co.*, 244 App. Div. 634, 636.) It predicated its opinion mainly on the principle that it would not permit the evasion of the laws of this country by one of our citizens to the detriment of another. " We do not believe that it should be the policy of our courts in a litigation between two of our citizens to construe that part of the resolution which is applicable to this case in a manner which may tend to nullify and destroy the legislative intent. Equity and justice demand that all who live under and enjoy the benefits of our government and its laws should be placed upon an equal footing, at least in so far as our currency is concerned. Mindful of its underlying purposes, good citizenship requires that the resolution should be accepted in a spirit which will not permit an unfair advantage to the creditor at the expense of the debtor." (*City Bank Farmers Trust Co.* v. *Bethlehem Steel Co.*, *supra.*) Though a California Federal District Court reached a different conclusion on a strict interpretation of the language of the joint resolution (*McAdoo* v. *Southern Pacific Co.*, [D. C.] 10 F. Supp. 953; revd. for lack of jurisdiction, [C. C. A.] 82 F. [2d] 121), we are constrained to follow the opinion of the Appellate Division in so far as domestic holders are concerned.

In the case of an alien holder demanding payment abroad in a foreign currency, both the State and Federal courts are united in holding that the payment is not forbidden by the joint resolution, even though the transfer from a domestic to the alien holder

occurred after the passage of that legislation. (*Anglo-Continentale Treuhand, A. G.,* v. *St. Louis Southwestern R. Co.,* [C. C. A.] 81 F. [2d] 11; 105 A. L. R. 636; certiorari denied, *Henwood* v. *Anglo-Continentale Treuhand, A. G.,* 298 U. S. 655; 56 S. Ct. 675; 80 L. Ed. 1381; *Nederlandsche Middenstandsbank* v. *Bethlehem Steel Co.,* N. Y. L. J. June 13, 1936, p. 3029.) It is to be noted however, in these last two cases that there was no showing of an attempt by a domestic holder to profit by present currency difficulties. In the *Anglo-Continentale* case both the bonds and the coupons were sold to the foreign holder. There was nothing to indicate anything but a *bona fide* sale.

In the *Nederlandsche Middenstandsbank* case, though it does not definitely appear to whom the bonds belonged, there was no allegation or showing of any intent to evade the laws of the United States. Indeed, the facts all pointed to a *bona fide* sale to the foreign holder.

The evil at which the decision of the Appellate Division was aimed would still be present if a domestic holder, by retaining the bonds and selling the coupons a few days before the due date, could gamble and make profit on currency changes to the detriment of another domestic corporation. To permit the foreign transferee to sue would amount to a complete nullification of the effect of the opinion of the Appellate Division.

It is my opinion that the defendant is entitled to a trial of the issue of whether the transfer of the coupons to this plaintiff was *bona fide* or with intent to evade the effects of the joint resolution as interpreted by the Appellate Division. The motion must, therefore, be denied.